IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| American Community Bank & Trust,        ) | |
| )           | |
| *Plaintiff*,        ) | Case No. |
| )           | |
| v.         ) | Hon. |
| )           | |
| Information Technology Partners, Inc.,    ) | Hon. |
| ITP Equipment, LLC, ITP Holdings, Inc.,   ) | |
| and Michael C. Thompson,        ) | |
| )           | |
| *Defendants*.        ) | |

## COMPLAINT

Plaintiff American Community Bank & Trust ("Plaintiff"), by and through its attorneys, Brotschul Potts LLC, for its Complaint against Defendant Information Technology Partners, Inc. ("ITP Partners"), Defendant ITP Equipment, LLC. ("ITP Equipment"), Defendant ITP Holdings, Inc. ("ITP Holdings"), and Defendant Michael C. Thompson ("Thompson") (collectively, "Defendants"), states:

## INTRODUCTION

1. In February 2024, ITP Partners borrowed $4,000,000 from Plaintiff (the "Loan Amount") pursuant to a written promissory note (the "Note"). At approximately the same time, Defendant ITP Equipment, Defendant ITP Holdings, and Defendant Thompson each entered into a commercial guarantee whereby each of them, individually, guaranteed the repayment of the Loan Amount.

2. ITP Partners breached the Note by failing to repay the amount, with interest, it had borrowed. Despite Plaintiff's requests for payment, Defendants have knowingly and intentionally breached their respective commercial guarantees. Accordingly, Plaintiff brings this action against

1

Defendants for the principal and interest due and owing under the Note, as well as its attorneys' fees and costs.

## THE PARTIES

3. Plaintiff is a banking institution located in Woodstock, Illinois. Plaintiff's principal place of business is the State of Illinois. Plaintiff is a citizen of the State of Illinois.

4. Defendant ITP Partners is a corporation incorporated under the laws of the State of Wisconsin. Its principal place of business is or was in California.

5. Defendant ITP Equipment is a limited liability company incorporated under the laws of the State of Wisconsin. Its principal place of business is or was in California. It is 100% owned by Defendant Thompson, who is the only member of this limited liability company.

6. Defendant ITP Holdings is a corporation incorporated under the laws of the State of Wisconsin. Its principal place of business is or was in California.

7. Defendant Thompson is an individual who is domiciled Los Angeles, California. Defendant Thompson is a citizen of the State of California.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

9. The amount in controversy, without interest and costs, exceeds the sum or value specified in 28 U.S.C. § 1332.

10. Venue is proper in this District because a substantial part of the events giving rise to this action occurred in this judicial district. 28 U.S.C. §1391(b)(2).

## GENERAL ALLEGATIONS

### Defendant ITP Partners Enters Into The Note

11. On or about February 21, 2024, Defendant ITP Partners entered into a promissory note with Plaintiff whereby, in return for a $4,000,00 loan, it agreed to pay Plaintiff $4,000,000, plus interest and other amounts (the "Note").

12. Defendant Thompson executed the Note on behalf of Defendant ITP Partners.

13. A true and accurate copy of the Note is attached hereto as Exhibit A.

14. Plaintiff fully performed under the Note in all respects.

### Defendant ITP Partners Enters Into The Business Loan Agreement

15. On or about February 21, 2024, Defendant ITP Partners entered into a Business Loan Agreement, relating to the loan in the principal amount of $4,000,000 (the "Business Loan Agreement"), with Plaintiff.

16. Defendant Thompson executed the Business Loan Agreement on behalf of Defendant ITP Partners.

17. A true and accurate copy of the Business Loan Agreement is attached hereto as Exhibit B.

18. Plaintiff fully performed under the Business Loan Agreement in all respects.

**Defendant ITP Partners Enters Into The Commercial Security Agreement**

19. On or about February 21, 2024, Defendant ITP Partners entered into a Commercial Security Agreement (the "Commercial Security Agreement") with Plaintiff.

20. Defendant Thompson executed the Commercial Security Agreement on behalf of Defendant ITP Partners.

21. A true and accurate copy of the Commercial Security Agreement is attached hereto as Exhibit C.

22. Plaintiff fully performed under the Commercial Security Agreement in all respects.

**Defendant ITP Partners Enters Into The Agreement To Provide Insurance**

23. On or about February 21, 2024, Defendant ITP Partners entered into an Agreement To Provide Insurance (the "Agreement To Provide Insurance") with Plaintiff.

24. Defendant Thompson executed Agreement To Provide Insurance on behalf of Defendant ITP Partners.

25. A true and accurate copy of the Agreement To Provide Insurance is attached hereto as Exhibit D.

26. Plaintiff fully performed under the Agreement To Provide Insurance in all respects.

**Defendant ITP Partners Enters Into The Corporate Resolution To Borrow**

27. On or about February 21, 2024, Defendant ITP Partners entered into a Corporate Resolution To Borrow (the "Corporate Resolution To Borrow").

28. Defendant Thompson executed Corporate Resolution To Borrow on behalf of Defendant ITP Partners.

29. A true and accurate copy of the Corporate Resolution To Borrow is attached hereto as Exhibit E.

30. To the extent Plaintiff had any obligations under the Corporate Resolution To Borrow, Plaintiff fully performed under the Corporate Resolution To Borrow in all respects.

**Defendant ITP Equipment Enters Into The Limited Liability Company Resolution To Grant Collateral**

31. On or about February 21, 2024, Defendant ITP Equipment entered into a Limited Liability Company Resolution To Grant Collateral (the "Limited Liability Company Resolution To Grant Collateral").

32. Defendant Thompson executed the Limited Liability Company Resolution To Grant Collateral on behalf of Defendant ITP Equipment.

33. A true and accurate copy of the Limited Liability Company Resolution To Grant Collateral is attached hereto as Exhibit F.

34. To the extent Plaintiff had any obligations under the Limited Liability Company Resolution To Grant Collateral, Plaintiff fully performed under the Limited Liability Company Resolution To Grant Collateral in all respects.

**Defendant ITP Holdings Enters Into The Corporate Resolution To Grant Collateral**

35. On or about February 21, 2024, Defendant ITP Holdings entered into a Corporate Resolution To Grant Collateral (the "Corporate Resolution To Grant Collateral").

36. Defendant Thompson executed the Corporate Resolution To Grant Collateral on behalf of Defendant ITP Holdings.

37. A true and accurate copy of the Corporate Resolution To Grant Collateral is attached hereto as Exhibit G.

38. To the extent Plaintiff had any obligations under the Corporate Resolution To Grant Collateral, Plaintiff fully performed under the Corporate Resolution To Grant Collateral in all respects.

**Defendant ITP Holdings Enters Into The Resolution Of Corporate LLC Member**

39. On or about February 21, 2024, Defendant ITP Holdings entered into a Resolution Of Corporate LLC Member (the "Resolution Of Corporate LLC Member").

40. Defendant Thompson executed the Resolution Of Corporate LLC Member on behalf of Defendant ITP Holdings.

41. A true and accurate copy of the Resolution Of Corporate LLC Member is attached hereto as Exhibit H.

42. To the extent Plaintiff had any obligations under the Resolution Of Corporate LLC Member, Plaintiff fully performed under the Resolution Of Corporate LLC Member in all respects.

**Defendant ITP Partners Enters Into The Disbursement Request And Authorization**

43. On or about February 21, 2024, Defendant ITP Partners entered into a Disbursement Request And Authorization (the "Disbursement Request And Authorization").

44. Defendant Thompson executed the Disbursement Request And Authorization on behalf of Defendant ITP Partners.

45. A true and accurate copy of the Disbursement Request And Authorization is attached hereto as Exhibit I.

46. To the extent Plaintiff had any obligations under the Disbursement Request And Authorization, Plaintiff fully performed under the Disbursement Request And Authorization in all respects.

**Defendant ITP Equipment Enters Into The ITP Equipment Commercial Guarantee**

47. On or about February 21, 2024, Defendant ITP Equipment entered into a Commercial Guarantee (the "ITP Equipment Commercial Guarantee").

48. Defendant Thompson executed the ITP Equipment Commercial Guarantee on behalf of Defendant ITP Equipment.

49. A true and accurate copy of the ITP Equipment Commercial Guarantee is attached hereto as Exhibit J.

50. To the extent Plaintiff had any obligations under the ITP Equipment Commercial Guarantee, Plaintiff fully performed under the ITP Equipment Commercial Guarantee in all respects.

**Defendant ITP Holdings Enters Into The ITP Holdings Commercial Guarantee**

51. On or about February 21, 2024, Defendant ITP Holdings entered into a Commercial Guarantee (the "ITP Holdings Commercial Guarantee").

52. Defendant Thompson executed the ITP Holdings Commercial Guarantee on behalf of Defendant ITP Holdings.

53. A true and accurate copy of the ITP Holdings Commercial Guarantee is attached hereto as Exhibit K.

54. To the extent Plaintiff had any obligations under the ITP Holdings Commercial Guarantee, Plaintiff fully performed under the ITP Holdings Commercial Guarantee in all respects.

**Defendant Thompson Enters Into The Thompson Commercial Guarantee**

55. On or about February 21, 2024, Defendant Thompson entered into a Commercial Guarantee (the "Thompson Commercial Guarantee").

56. Defendant Thompson executed the Thompson Commercial Guarantee on behalf of Defendant Thompson.

57. A true and accurate copy of the Thompson Commercial Guarantee is attached hereto as Exhibit L.

58. To the extent Plaintiff had any obligations under the Thompson Commercial Guarantee, Plaintiff fully performed under the Thompson Commercial Guarantee in all respects.

**Defendant ITP Partners Receives The New Commercial Loan Invoice**

59. On or about February 21, 2024, Plaintiff provided Defendant ITP Partners with a New Commercial Loan Invoice (the "New Commercial Loan Invoice") as set forth on Plaintiff's letterhead.

60. A true and accurate copy of the New Commercial Loan Invoice is attached hereto as Exhibit M.

**Defendants Thompson Provides A Certification Of Beneficial Owners Of Legal Entities**

61. On or about February 22, 2024, Defendant Thompson executed a Certification Of Beneficial Owners Of Legal Entities (the "Certification Of Beneficial Owners Of Legal Entities") and provided it to Plaintiff.

62. Defendant Thompson executed the Certification Of Beneficial Owners Of Legal Entities on his own behalf.

8

63. A true and accurate copy of the Certification Of Beneficial Owners Of Legal Entities, subject it Defendant Thompson's social security number being redacted, is attached hereto as Exhibit N.

**Defendants Enter Into The Forbearance And Loan Modification Agreement**

64. On or about April 23, 2025, all four defendants (Defendant ITP Partners, Defendant Equipment, Defendant ITP Holdings, and Defendant Thompson) entered into a Forbearance And Loan Modification Agreement (the "Forbearance And Loan Modification Agreement").

65. Defendant Thompson executed the Forbearance And Loan Modification Agreement on behalf of each of the four defendants.

66. A true and accurate copy of the Forbearance And Loan Modification Agreement is attached hereto as Exhibit O.

67. Plaintiff fully performed under the Forbearance And Loan Modification Agreement in all respects.

**The Defendants Breach Their Respective Commercial Guarantees**

68. Defendant ITP Partners has failed to make payments to Plaintiff due and owing under the Promissory Note and the Business Loan Agreement.

69. Defendant ITP Equipment has failed to make payments to Plaintiff due and owing under the ITP Equipment Commercial Guarantee.

70. Defendant ITP Holdings has failed to make payments to Plaintiff due and owing under the ITP Holdings Commercial Guarantee.

71. Defendant Thompson has failed to make payments to Plaintiff due and owing under the Thompson Commercial Guarantee.

72. Despite Plaintiff's repeated requests, each of the Defendants continue to owe money to Plaintiff.

73. On May 8, 2025, Plaintiff prepared a loan payoff statement (the "Loan Payoff Statement").

74. A true and correct copy of the Loan Payoff Statement is attached hereto as Exhibit P.

75. As stated in the Loan Payoff Statement, the amount owed on the Note and Business Loan Agreement is, as of the date of the Loan Payoff Statement, $4,092,569.46.

76. Each of the four Defendants are jointly and severally liable for the $4,092,569.46 owed, as well as, with the passage of time, additional interest, attorneys fees, courts costs, and other amounts as incurred.

**Count I**
**Breach of Promissory Note**
**Against Defendant ITP Partners**

77. Plaintiff incorporates the allegations of paragraphs 1 through 76 of this complaint as though fully set forth herein.

78. The Promissory Note is a valid and enforceable contract between Defendant ITP Partners and Plaintiff.

79. Plaintiff has fulfilled all of its obligations under the Promissory Note.

80. Defendant ITP Partners breached the Promissory Note by failing to pay the sums due and owing to Plaintiff.

81. As a direct result of Defendant ITP Partners' breach of the Promissory Note, Plaintiff has been damaged in the amount of not less than $4,092,569.46 (as of May 9, 2025) plus

other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

82. Defendant ITP Partners is therefore liable to Plaintiff for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

WHEREFORE, Plaintiff American Community Bank & Trust respectfully requests that the Court enter judgment in its favor and against Defendant ITP Partners for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, court costs, and any other relief the court deems appropriate and just.

### Count II
### Breach Of ITP Equipment Commercial Guaranty
### Against Defendant ITP Equipment

83. Plaintiff incorporates the allegations of paragraphs 1 through 76 of this complaint as though fully set forth herein.

84. The ITP Equipment Commercial Guaranty is a valid and enforceable contract between Plaintiff and Defendant ITP Equipment.

85. Plaintiff has fulfilled all of its obligations under the ITP Equipment Commercial Guaranty.

86. Defendant ITP Equipment breached the ITP Equipment Commercial Guaranty by failing to make payments due and owing thereunder.

87. As a direct result of Defendant ITP Equipment's breach of the ITP Equipment Commercial Guaranty, Plaintiff has been in the amount of not less than $4,092,569.46 (as of May

9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

88. Defendant ITP Equipment is therefore liable to Plaintiff for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

WHEREFORE, Plaintiff American Community Bank & Trust respectfully requests that the Court enter judgment in its favor and against Defendant ITP Equipment for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, court costs, and any other relief the court deems appropriate and just.

### Count III
### Breach Of ITP Holdings Commercial Guaranty
### Against Defendant ITP Holdings

89. Plaintiff incorporates the allegations of paragraphs 1 through 76 of this complaint as though fully set forth herein.

90. The ITP Holdings Commercial Guaranty is a valid and enforceable contract between Plaintiff and Defendant ITP Holdings.

91. Plaintiff has fulfilled all of its obligations under the ITP Holdings Commercial Guaranty.

92. Defendant ITP Holdings breached the ITP Holdings Commercial Guaranty by failing to make payments due and owing thereunder.

93. As a direct result of Defendant ITP Holding's breach of the ITP Holdings Commercial Guaranty, Plaintiff has been in the amount of not less than $4,092,569.46 (as of May

9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

94. Defendant ITP Holdings is therefore liable to Plaintiff for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

WHEREFORE, Plaintiff American Community Bank & Trust respectfully requests that the Court enter judgment in its favor and against Defendant ITP Holdings for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, court costs, and any other relief the court deems appropriate and just.

### Count IV
### Breach Of Thompson Commercial Guaranty
### Against Defendant Thompson

95. Plaintiff incorporates the allegations of paragraphs 1 through 76 of this complaint as though fully set forth herein.

96. The Thompson Commercial Guaranty is a valid and enforceable contract between Plaintiff and Defendant Thompson.

97. Plaintiff has fulfilled all of its obligations under the Thompson Commercial Guaranty.

98. Defendant Thompson breached the Thompson Commercial Guaranty by failing to make payments due and owing thereunder.

99. As a direct result of Defendant Thompson's breach of the Thompson Commercial Guaranty, Plaintiff has been in the amount of not less than $4,092,569.46 (as of May 9, 2025) plus

other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

100. Defendant Thompson is therefore liable to Plaintiff for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, and court costs.

WHEREFORE, Plaintiff American Community Bank & Trust respectfully requests that the Court enter judgment in its favor and against Defendant Thompson for not less than $4,092,569.46 (as of May 9, 2025) plus other amounts continuing to accrue, including, but not limited to: interest, Plaintiff's attorneys' fees, court costs, and any other relief the court deems appropriate and just.

Dated: May 14, 2025　　　　　　　　　　　　　　　　*/s/ Richard L. Miller II*
　　　　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff

J. Ryan Potts
ryan@brotschulpotts.com
Richard L. Miller II
rmiller@brotschulpotts.com
BROTSCHUL POTTS, LLC
One Tower Lane, Suite 2060
Oakbrook Terrace, Illinois 60181
P: 312-551-9003
F: 312-277-3278